Koji F. Fukumura (*Pro Hac Vice*)
Ryan E. Blair (*Pro Hac Vice*)
Heather M. Speers (*Pro Hac Vice*)
Linh K. Nguyen (*Pro Hac Vice*)
**COOLEY LLP**
4401 Eastgate Mall
San Diego, CA  92121
Telephone: (858) 550-6000
Email: kfukumura@cooley.com
        rblair@cooley.com
        hspeers@cooley.com
        lknguyen@cooley.com

Milo Steven Marsden (#4879)
**DORSEY & WHITNEY LLP**
111 South Main Street, Twenty-First Floor
Salt Lake City, Utah 84111-2176
Telephone: (801) 933-7360
Email: marsden.steve@dorsey.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SOLOMON ABADY, Individually and On Behalf of All Others Similarly Situated,<br><br>Lead Plaintiffs,<br><br>vs.<br><br>LIPOCINE INC. and MAHESH V. PATEL<br><br>Defendants. | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Civil No. 2:19-cv-00906-CW<br><br>District Judge Clark Waddoups<br>Magistrate Judge Cecilia M. Romero |

Based on the authority set forth below, and pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Lipocine, Inc. ("Lipocine" or the "Company") and Mahesh V. Patel (together with the Company, "Defendants"), hereby request that the Court incorporate by reference and/or take judicial notice of the documents listed below, submitted in support of Defendants' Motion to Dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Motion to Dismiss") and attached to the accompanying Declaration of Ryan E. Blair in Support of the Motion to Dismiss (the "Blair Declaration").

## I. DOCUMENTS SUBJECT TO THIS REQUEST[1]

| Ex. | Description | ¶¶ |
|---|---|---|
| A | United States Food and Drug Administration ("FDA") Briefing Document for the Bone, Reproductive, and Urologic Drugs Advisory Committee ("BRUDAC") meeting held on January 10, 2018 | 46, 50, 51, 70 |
| B | Lipocine's Briefing Document for the BRUDAC meeting held on January 10, 2018 | 46, 51 |
| C | Transcript of the BRUDAC meeting held on January 10, 2018 | 46, 49, 51, 53 |
| D | Lipocine's Form 10-Q for the quarter ended September 30, 2018, filed with the Securities and Exchange Commission ("SEC") on November 7, 2018 | -- |
| E | Lipocine's Form 10-K for the year ended December 31, 2018, filed with the SEC on March 6, 2019 | 62, 74–77 |
| F | Lipocine's Form 10-Q for the quarter ended March 31, 2019, filed with the SEC on May 8, 2019 | 5–7, 62, 82–84, 87 |
| G | Lipocine's Form 10-Q for the quarter ended June 31, 2019, filed with the SEC on August 7, 2019 | 62, 88–91 |

---

[1] "¶" refers to the paragraphs of the Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF 44, the "Complaint") that quote from or refer to information contained in the referenced document.

| Ex. | Description | ¶¶ |
|---|---|---|
| H | Mahesh V. Patel's Form 4 Statement of Changes in Beneficial Ownership, filed with SEC on May 28, 2019 | -- |
| I | Lipocine's June 19, 2017, Press Release, attached as an exhibit to Lipocine's Form 8-K, filed with the SEC the same day | 44 |
| J | Lipocine's January 28, 2019, Corporate Presentation, attached as an exhibit to Lipocine's Form 8-K, filed with the SEC the same day | 71–73 |
| K | Lipocine's May 14, 2019, Press Release, attached as an exhibit to Lipocine's Form 8-K, filed with the SEC the same day | 86–87 |
| L | *Ladenburg Thalmann* report titled, "TLANDO Receives CRL Detailing One Remaining Deficiency; Downgrade to Neutral," and published on November 11, 2019 | 69 |
| M | *Ladenburg Thalmann* report titled, "TLANDO ADCOM Recommends Against Approval; Reduce Price Target to $11," and published on January 11, 2018 | -- |
| N | *H.C. Wainwright & Co.* report titled, "Expected Tlando CRL; Negative Reaction Overdone? Reiterate Buy and $3 Target," and published on May 10, 2018 | -- |
| O | *Ladenburg Thalmann* report titled, Positive Interim POC LPCN 1144 NASH Data; TLANDO IP Win; Buy and $5 PT," and published on January 17, 2019 | -- |
| P | *Zacks Small-Cap Research* report titled, "ABPM Results Expected Before Quarter End," and published on March 7, 2019 | -- |
| Q | *H.C. Wainwright & Co.* report titled, "One Step Closer to Tlando Approval; November 9 PDUFA; 1Q19 Results," and published on May 15, 2019 | -- |
| R | *H.C. Wainwright & Co.* report titled, "After Another CRL, Assume Tlando Is Toast; Shifting Gears Entirely to NASH Story with Mid-2020 Phase 2 Data; Lower to $2," and published on November 11, 2019 | -- |

## II.    ARGUMENT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts ***must consider*** the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues &*

*Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added).  "Mere legal conclusions and factual allegations that contradict such a properly considered document are not well-pleaded facts that the courts must accept as true."  *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d. 1381, 1385 (10th Cir. 1997); *accord In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-CV-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (noting the law does not "prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." (emphasis in original)).  "In securities cases it is not unusual to consider documents incorporated by reference into the complaint, public documents filed with the SEC, and documents the Plaintiffs relied upon in bringing suit."  *Emps.' Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1158 (10th Cir. 2018) (internal quotation marks and alterations omitted)).

For the reasons discussed below, **Exhibits A–R** attached to the Blair Declaration are properly considered in deciding the Motion to Dismiss under **(A)** the incorporation by reference doctrine, and/or **(B)** Federal Rule of Evidence 201, which permits the Court to take judicial notice of certain publicly available and accurate information that is not subject to reasonable dispute.

### A. The Court May Consider the Documents Incorporated by Reference into the Complaint (Exhibits A–C, E–G, I–L)

Incorporation by reference treats documents "referred to in the complaint," that are "central to the Plaintiffs' claim" and whose authenticity are not in dispute, as part of the complaint itself. *GFF*, 130 F.3d at 1384–85 (noting such documents are "not 'outside the pleading' for purposes of the 12(b)(6) motion"); *see also Smallen v. W. Union Co.*, 950 F.3d. 1297, 1305 (10th Cir. 2020). This doctrine is necessary to ensure "a plaintiff with a deficient claim [does not] survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied."  *GFF*,

4

130 F.3d at 1385; *accord Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Thus, courts routinely incorporate documents to analyze alleged false statements in context and to prevent plaintiffs from selectively quoting only the portions of the documents that bolster their arguments. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d. 1399, 1405 n.4, 1408 (9th Cir. 1996) (alleged misstatements "must be analyzed in context"); *Eventbrite*, 2020 WL 2042078, at *7 (same).

Because Plaintiffs' allegations are based on, among other things, Lipocine's "[SEC] filings, wire and press releases published by and regarding Lipocine[], [and] analyst reports and advisories about the Company" (Complaint at 1), these documents are incorporated by reference. *See Emps.' Ret. Sys. of R.I.*, 889 F.3d at 1158 (incorporating by reference documents that "the Complaint acknowledges that its allegations derive in part from," including "regulatory filings with the SEC" and "press releases and media reports"). More specifically, as detailed in the chart above, the Complaint expressly refers to and/or paraphrases and quotes from **Exhibits A–C, E–G, I–L**, each of which are central to Plaintiffs' claims. Plaintiffs rely on **Exhibits A–C, E–G, I–L** (FDA documents, SEC filings, investor conference call transcripts, and press releases) to plead the element of falsity for Count 1, alleging that **Exhibits E–G** and **J–K** each contain alleged false or misleading statements, and that **Exhibits A–C** and **L** purportedly demonstrate the alleged falsity of those statements. Plaintiffs further rely on **Exhibits A–C** to plead Defendants' alleged scienter—*i.e.*, that Defendants knew TLANDO would not be approved by the FDA.

Plaintiffs, however, selectively quote from these documents, omitting key portions that undermine their theory of fraud. For example, Plaintiffs rely on the transcript of and briefing documents for the January 10, 2018, BRUDAC meeting (**Exhibits A–C**) to assert that Defendants' statements were misleading because (1) the briefing documents and transcript never mentioned

Defendants' "per dose" method for measuring Cmax, and (2) Defendants knew, but omitted, that the FDA's predetermined secondary endpoints were based on a "per day" analysis. (¶¶46–51, 73, 77, 79, 81, 87, 91, 93.)   Plaintiffs, however, "omit[] portions of those very documents that weaken—or doom—their claims." *See Khoja*, 899 F.3d at 1002.

First, Lipocine's briefing document for the BRUDAC meeting explicitly disclosed that Cmax was measured two ways in the DV Study—"per dose" and "per day." (Ex. B at 21.)  As such, Plaintiffs' claim that "none of the briefing documents. . . even mentioned—much less discussed as a relevant criterion—the DV study SS Cmax 'per dose' analysis" is demonstrably false.  (¶51.)   Second, the omitted portions of the transcript and briefing documents for the BRUDAC meeting make clear that Lipocine explicitly disclosed that it did not meet any of the FDA's secondary endpoints under a "per day" analyses.  (Exs. A–C.)  They also reveal that both the FDA and the BRUDAC panel expressed uncertainty over the applicability of the secondary endpoints to TLANDO (*id.*), which undermines Plaintiffs' theory that Defendants ***knew*** TLANDO's failure to meet the secondary endpoints would be a "significant impediment to the FDA's approval of TLANDO." (*See* ¶61.)

As another example, Plaintiffs contend that the purportedly misleading nature of Defendants' statements was evident from analyst reports demonstrating that investment analysts were indeed "misled," and rely on **Exhibit L** for support.  (¶69.)  Plaintiffs point to the fact that a Ladenburg analyst stated that Jatenzo's "Cmax excursions . . . were more ***profound*** than the TLANDO data" when, in fact, "TLANDO's Cmax results were far worse than Jatenzo's Cmax results under the 'per day' analysis." (*Id*.)  Plaintiffs omit, however, that the Ladenburg analyst's statement is immediately followed by a discussion of the BRUDAC panel's comfort with the

"TLANDO Cmax data showing the Cmax excursions were transient in nature." (Ex. L at 167.)  In other words, Ladenburg's statement that Jatenzo's "Cmax excursions . . . were more *profound* than the TLANDO data" was in comparison to "TLANDO Cmax data showing the Cmax excursions were *transient* in nature." (*Id*. (emphasis added).)  Moreover, an earlier and judicially noticeable Ladenburg analyst report makes clear that Ladenburg was well aware that TLANDO had not met any of the secondary endpoints based on a "per day" analysis (Ex. M at 180), which further undermines Plaintiffs' dubious interpretation of and citation to **Exhibit L**.

Defendants therefore provide the full text (or relevant excerpts) so the Court can consider Plaintiffs' citations and allegations in context.  *See Emps.' Ret. Sys. of R.I.*, 889 F.3d at 1158 ("We may look to the contents of a referenced document itself rather than solely to what the complaint alleges the contents to be."); *Pollio v. MF Glob., Ltd.*, 608 F. Supp. 2d 564, 573 (S.D.N.Y. 2009) ("A Court cannot evaluate alleged misleading statements in a vacuum."); *In re Silicon Storage Tech, Inc., Sec. Litig.*, No. 05-0295 PJH, 2006 WL 648683, at *2 (ND. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim."); *see also Okla. Firefighters Pension & Ret. Sys. v. Xerox Corp.*, 300 F. Supp. 3d 551, 572 (S.D.N.Y. 2018), *aff'd sub nom. Ark. Pub. Emps. Ret. Sys. v. Xerox Corp.*, 771 F. App'x 51 (2d Cir. 2019) (incorporation by reference allows the Court to "focus[] on the statements themselves, not plaintiff's recasting of them").  Because these documents are referred to in the Complaint and are central to Plaintiffs' claims, the Court may consider the entirety of **Exhibits A–C, E–G, I–L** to ensure that Plaintiffs are not able to "select[] only portion of

7

documents that support [its] claims, while omitting portions of those very documents that weaken –or doom—[its] claims." *Khoja*, 899 F.3d at 1002.

## B. The Court May Also Take Judicial Notice of Publicly Available Information (Exhibits A–R).

All of the exhibits attached to the Blair Declaration are also subject to judicial notice—an independent ground for the Court's consideration. Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "When a court takes judicial notice of [documents], the court merely notices what was in the public realm at the time, not whether the contents of those [documents] were in fact true." *Hampton v. Root9b Techs., Inc.*, No. 15-CV-02152-MSK-MEH, 2016 WL 7868823, at *4 (D. Colo. Aug. 3, 2016), *report and recommendation adopted*, No. 15-CV-02152-MSK-MEH, 2016 WL 9735744 (D. Colo. Sept. 21, 2016), *aff'd*, 897 F.3d 1291 (10th Cir. 2018).

For example, Defendants seek judicial notice of certain analyst reports (**Exhibits L–R**) to show what was in the public realm—*i.e.*, that analysts (and the market) were aware that TLANDO had not met any of the FDA's prespecified secondary endpoints based on a "per day" analysis, and that FDA approval was far from certain. (Motion to Dismiss, at 6–8, 13.) Defendants do not seek judicial notice of **Exhibits L–R** for the truth of the matters discussed within the analyst reports. Tenth Circuit courts routinely take judicial notice of analyst reports for this limited purpose. *E.g.*, *In re SemGroup Energy Partners, L.P., Sec. Litig.*, No. 08-MD-1989-GKF-FJM, 2009 WL 3713524, at *1–2 (N.D. Okla. Nov. 4, 2009) ("Courts have taken judicial notice of analyst reports

8

in motions to dismiss securities claims when the reports are submitted to establish whether and when certain information was provided to the market."); *Chipman v. Aspenbio Pharma, Inc.*, No. 11-CV-00163-REB-KMT, 2012 WL 4069353, at *2 (D. Colo. Sept. 17, 2012) (same); *see also In re Apple Sec. Litig.*, No. 19-CV-02033-YGR, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020) (analyst reports); *In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd,* 704 F.3d 1119 (9th Cir. 2013) ("courts routinely take judicial notice of analyst reports").

Courts also regularly take judicial notice of FDA materials. *See, e.g.*, *Mecham v. C.R. Bard, Inc.*, No. 2:19-CV-00750-JNP, 2020 WL 2768997, at *8 n.9 (D. Utah May 27, 2020) ("facts contained in [FDA] reports can be judicially noticed because they 'can be readily determined from sources whose accuracy cannot be reasonably questioned'") (internal citations omitted); *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Practices & Prods. Liab. Litig.*, 288 F. Supp. 3d 1087, 1208–09 (D.N.M. 2017) (noticing FDA warning letter in considering Defendant's motion to dismiss); *Spizzirri v. Zyla Life Scis.*, 802 Fed. App'x 738, 739 (3d Cir. 2020) (noticing FDA memorandum available via website); *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d. 51, 59–60 (2d Cir. 2016) (noticing FDA documents); *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1380–82 (C.D. Cal. 2014) (noticing documents from FDA website), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017); *Wilson v. Amneal Pharm., L.L.C.*, No. 1:13-CV-00333-CWD, 2013 WL 6909930, at *4–5 (D. Idaho Dec. 13, 2013) (same); *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) (noticing FDA guidance document and response letter).

Courts also routinely take judicial notice of SEC filings, press releases, transcripts, and other public documents to establish what information was in the public realm. *See, e.g.*, *In re Zagg Sec. Litig.*, No. 2:12-CV-852, 2014 WL 505152, at *1 (D. Utah Feb. 7, 2014), *aff'd sub nom. In re Zagg, Inc. Sec. Litig.*, 797 F.3d 1194 (10th Cir. 2015) (SEC filings, press releases, and investor conference call transcripts); *Smallen*, 950 F.3d at 1305 (10th Cir. 2020) (SEC filings); *Kapur v. USANA Health Scis., Inc.*, No. 2:07-CV-00177DAK, 2008 WL 2901705, at *5 (D. Utah July 23, 2008) (same); *Chipman*, 2012 WL 4069353, at *2 (press releases).

All of the exhibits fall into one or more of these categories and are therefore proper subjects for judicial notice:

- *FDA Materials*— Exhibits A–C

- *SEC Filings*— Exhibits D–H

- *Press Releases*— Exhibits I–K

- *Analyst Reports*— Exhibits L–R

If the Court does not incorporate by reference **Exhibits A–C, E–G, I–L,** Defendants seek judicial notice of these documents and the information contained therein *only* to indicate what was publicly known, and when, during the relevant time. *See Smallen*, 950 F.3d at 1305 & n.4, 1310 n.9.

III.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits A–R** under the incorporation by reference doctrine, and/or that the Court take judicial notice of them.

Dated:  July 24, 2020                        COOLEY LLP
                                             Koji Fukumura
                                             Ryan Blair
                                             Heather Speers
                                             Linh Nguyen


                                             By:   */s/ Ryan Blair*
                                             _____
                                                        Ryan Blair

                                             DORSEY & WHITNEY LLP
                                             Milo Steven Marsden

                                             *Attorneys for Defendants*

11