**THE ROSEN LAW FIRM, P.A**.
Phillip Kim (*Pro Hac Vice*)
Daniel Tyre-Karp (*Pro Hac Vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: pkim@rosenlegal.com
      dtyrekarp@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

**JAMES DODGE RUSSELL & STEPHENS, P.C.**
Mitchell A. Stephens (11775)
10 West Broadway, Suite 400
Salt Lake City, UT 84101
Telephone: (801) 363-6363
Email: mstephens@jdrslaw.com

*Liaison Counsel for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SOLOMON ABADY, Individually and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>LIPOCINE INC. and MAHESH V. PATEL,<br><br>    *Defendants.* | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OFTHEIR MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Civil No. 2:19-cv-00906-CW-CMR<br><br><u>CLASS ACTION</u><br><br>District Judge Clark Waddoups<br>Magistrate Judge Cecilia M. Romero |

Lead Plaintiff Sergus Thomas and Named Plaintiff Thomas Parkinson (collectively, "Investors") hereby oppose, in part, Defendants' request for judicial notice (Dkt. No. 49) (the "Request").

The Request seeks judicial notice of eighteen exhibits attached to the Declaration of Ryan E. Blair (Dkt.No. 48). Generally, the sufficiency of a complaint must rest on its contents alone. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). The Tenth Circuit recognizes three "quite limited" exceptions to this general rule: (1) documents that the complaint incorporates by reference (documents attached as exhibits to the complaint); (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) "matters of which a court may take judicial notice. *Id*, at 1187.

**<u>Investors do not oppose the Court's consideration of the following Exhibits so long as they are not considered to resolve factual disputes in Defendants' favor: Exhibits. A-C, E-G, and I-L.</u>**

These documents have not all been incorporated into the Complaint, but they have at least been mentioned. To the extent that the Court considers documents because they are referenced in and central to the Complaint, such documents may not be relied on to refute the Complaint's factual assertions without converting Defendants' motion to dismiss into a motion for summary judgment. *Id*.; see *United States v. Wade*, No. 2:15CV00883 DS, 2017 WL 11407521, at *1 (D. Utah Apr. 17, 2017) ("the court may not rely on these documents to refute factual allegations other than allegations confined to the contents of those documents"). Under the doctrine of incorporation by reference, which is distinct from the doctrine of judicial notice, the Court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleadings." *Gammel v. Hewlett-Packard Co.*, 905

1

F. Supp. 2d 1052, 1061 (C.D. Cal. 2012)). But like judicially noticeable documents, the Court may "not consider these documents for the truth of the matters they assert." *Id*.

As the Ninth Circuit cautioned:

> We have stated that, unlike judicial notice, a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." …. While this is generally true, ***it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well pleaded complaint***. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.") [*Id.*] (Internal citations omitted).

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019) (emphasis added). If the truth of the matters asserted in documents incorporated by reference or judicially noticed could be considered, defendants in securities cases could self-immunize their misconduct, a result fundamentally at odds with the purpose underlying the federal securities laws, which is "to substitute a philosophy of full disclosure for the philosophy of caveat emptor." *Howard v. Everex Systems, Inc*., 228 F.3d 1057, 1061 (9th Cir. 2000); *Khoja*, 899 F.3d at 999. The Court should, therefore, reject Defendants' request for judicial notice to the extent that Defendants ask that the Court consider the truth of the matter asserted within the noticed documents.

**Plaintiffs object to the Request with regards to Exhibits D, H, and M-R.**

None of these documents were referenced in the Complaint, and none of these documents are appropriately considered at the motion to dismiss stage. These types of requests are precisely what the Ninth Circuit cautions against:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but

> with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims. Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

*Khoja*, 899 F.3d, at 1003 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019).

Exhibit D is Lipocine's Form 10-Q for the quarter ended September 30, 2018. Defendants improperly use this document for the truth of the matter asserted. Specifically, Defendants use this document to assert that Lipocine had made the "decision" in November 2018 to seek resubmission of the NDA:

> In November 2018—two months before the Class Period began and five months before the FDA approved Jatenzo—Lipocine announced that following a Post Action Meeting with FDA, in which it received "specific feedback on the results of each deficiency," it intended to address the Cmax deficiency by "performing additional analyses of existing data." (Ex. D at 67.) In other words, not only was this decision made, but it was publicly announced to investors, well before Defendants' purported "desperation" arose. (See ¶¶57, 60.)

Motion at 22-23. This is plainly improper, and, moreover, it is not even responsive to the Complaint's allegation that Lipocine rushed the actual resubmission—not the decision to resubmit at some point.

Exhibit H is a Form 4 filed by Defendant Patel. Defendants improperly use this document to argue that Patel purchased Lipocine stock during the Class Period. Motion at 23-24. The document, itself, shows that Patel received Lipocine stock from the Company as an award—he did not purchase it.

3

Exhibits M-R are analyst reports about Lipocine that were not referenced in the Complaint and which are improperly used to create a factual dispute that is inappropriate at the motion to dismiss stage.[1]

DATED this 22nd day of September, 2020.

Respectfully submitted,

**JAMES DODGE RUSSELL & STEPHENS, P.C.**

/s/ Mitchell Stephens
Mitchell A. Stephens
*Liaison Counsel for Plaintiff and the Class*

Phillip Kim (*Pro Hac Vice*)
Daniel Tyre-Karp (*Pro Hac Vice*)
**THE ROSEN LAW FIRM, P.A.**
*Lead Counsel for Plaintiff and the Class*

---

[1] *See, e.g., S.E.C. v. Goldstone*, 952 F. Supp. 2d 1060, 1219–20 (D.N.M. 2013) (Although these reports contain some information the accuracy of which may not reasonably be questioned, such as the price of Thornburg Mortgage stock, the reports also forecast Thornburg Mortgage's future financial changes, give recommendations whether to buy or sell Thornburg Mortgage stock, and rank Thornburg Mortgage amongst its competitors. This information, which varies amongst the reports, is not 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (citing Fed.R.Evid. 201(b)); *Noble Asset Mgmt. v. Allos Therapeutics, Inc.*, No. CIVA-04CV-1030-RPM, 2005 WL 4161977, at *2 (D. Colo. Oct. 20, 2005) ("The defendants argue that judicial notice is appropriate because the first amended complaint refers generally to analysts' reports in connection with the allegation of fraud-on-the-market. The complaint, however, does not refer to these specific reports, and the source and authenticity of these documents are not apparent. Exhibits D, E, F, G, H, I, J, and K are beyond the scope of the complaint. The defendants' request for judicial notice of them is denied."); *Immanuel Lake v. Zogenix, Inc.*, No. 19-CV-01975-RS, 2020 WL 3820424, at *5 (N.D. Cal. Jan. 27, 2020) ("This report from Guggenheim Securities dated May 15, 2019 is not cited or referenced in the FAC. Defendants argue exhibit 15 is nonetheless ripe for judicial notice because an *earlier* analyst report from the same firm was selectively quoted by plaintiffs. To take judicial notice of this later analyst report, however, would constitute the very sort of excessive use of extrinsic material against which the Ninth Circuit recently cautioned in *Khoja.* Given the rulings above on the first 14 exhibits, to take judicial notice of exhibit 15, even for this limited purpose, would risk unduly prejudicing plaintiffs at this early stage, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.")

4