Koji F. Fukumura (*Pro Hac Vice*)
Ryan E. Blair (*Pro Hac Vice*)
Heather M. Speers (*Pro Hac Vice*)
Linh K. Nguyen (*Pro Hac Vice*)
**COOLEY LLP**
4401 Eastgate Mall
San Diego, CA  92121
Telephone: (858) 550-6000
Email: kfukumura@cooley.com
       rblair@cooley.com
       hspeers@cooley.com
       lknguyen@cooley.com

Milo Steven Marsden (#4879)
**DORSEY & WHITNEY LLP**
111 South Main Street, Twenty-First Floor
Salt Lake City, Utah 84111-2176
Telephone: (801) 933-7360
Email: marsden.steve@dorsey.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SOLOMON ABADY, Individually and On Behalf of All Others Similarly Situated,<br><br>Lead Plaintiff,<br><br>vs.<br><br>LIPOCINE INC. and MAHESH V. PATEL,<br><br>Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Civil No. 2:19-cv-00906-CW<br><br>District Judge Clark Waddoups<br>Magistrate Judge Cecilia M. Romero |

## I.   INTRODUCTION

Plaintiffs' Opposition to Defendants' Request for Judicial Notice (ECF No. 51 ("RJN Opp.")) concedes that **Exhibits A–C, E–G,** and **I–L** should be incorporated by reference into the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") and are proper subjects of judicial notice.  As for Plaintiffs' claim that **Exhibits D, H,** and **M–R** are not "appropriately considered at the motion to dismiss stage" (RJN Opp. at 2, 4), as detailed below, none of the bases on which Plaintiffs rely for this claim withstand scrutiny.  Indeed, the grounds for which Defendants[1] seek judicial notice and/or incorporation of **Exhibits A–R** are eminently proper: preventing Plaintiffs from selectively quoting the documents on which they rely, and indicating ***what*** was in the public realm and ***when***.

## II.   ARGUMENT

### A.   Incorporation by Reference and Judicial Notice of Exhibits A–C, E–G, and I–L Is Both Proper and Consistent With *Khoja*.

Presumably, if Plaintiffs thought Defendants' reliance on **Exhibits A–C, E–G,** and **I–L** in their Motion to Dismiss ran afoul of the incorporation by reference or judicial notice doctrines, Plaintiffs would have made that argument in their RJN Opp., but they do not.  Plaintiffs therefore concede that it is proper for the Court to consider **Exhibits A–C, E–G,** and **I–L** under both doctrines when deciding Defendants' Motion to Dismiss.  That should end the analysis.

Defendants note, however, that Plaintiffs misinterpret *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 998 (9th Cir. 2018), in contending that **Exhibits A–C, E–G,** and **I–L** "may not be relied on to refute the Complaint's factual assertions."  (RJN Opp. at 1–2.)  To be clear, *Khoja* does ***not*** bar a defendant from using those doctrines to rebut conclusory assertions unsupported by well-pled factual allegations.  *See Khoja*, 899 F.3d at 1003–07; *In re Eventbrite, Inc. Sec. Litig.*,

---

[1] Defined terms herein are consistent with their definitions in Defendants' Motion to Dismiss the Complaint (ECF No. 47 (the "Motion to Dismiss")).  Unless otherwise noted, all emphasis is added and all internal quotation marks, ellipses, brackets, and citations are omitted.

No. 5:18-cv-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's **conclusory** allegations." (emphasis in original)).

Indeed, Plaintiffs' contention makes no sense, as it would defeat the purpose of both doctrines. *Khoja*, 899 F.3d at 999–1002 ("Judicial notice under Rule 201 permits a court to notice an adjudicative fact" and "incorporation-by-reference. . . prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims"). Nor would it accord with Tenth Circuit law. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d. 1381, 1385 (10th Cir. 1997) ("Mere legal conclusions and factual allegations that contradict such a properly considered document are not well-pleaded facts that the courts must accept as true."). Rather, *Khoja* holds that a document may not be incorporated, and the truth of an incorporated document may not be assumed, where the only purpose is to dispute or create a defense to **well-pled facts** in a complaint.[2] *Id*. at 1003. Defendants do not rely on **Exhibits A–C, E–G,** and **I–L** for that purpose; they provide them for the sole purpose of ensuring that Plaintiffs are not able to "select[] only portion[s] of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id*. at 1002. Accordingly, Defendants' use of these documents is proper.

**B.      Judicial Notice of Exhibits D, H, and M–R Is Proper.**

Plaintiffs' argument that the Court should not judicially notice **Exhibits D, H,** and **M–R**

---

[2] Plaintiffs also cite to *United States v. Wade*, No. 2:15CV00883 DS, 2017 WL 11407521 (D. Utah Apr. 17, 2017) (RJN Opp. at 1), which does not support their argument for a number of reasons. First, *Wade* states that the court may not rely on incorporated documents "to refute factual allegations *other than* allegations confined to the contents of those documents. *Id*. at *1. Second, the bar against refuting allegations is specific to "*factual* allegations" whereas Defendants seek only to dispute the Complaint's many conclusory allegations. *Id*. Third, *Wade* is inapposite as the defendants there attempted to rely on a declaration and an unidentified document. *Id*. Plaintiffs' additional cite to *Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1061 (9th Cir. 2000), is equally unavailing, as that opinion does not discuss the incorporation by reference or judicial notice doctrines at all. (RJN Opp. at 2.)

fails.[3] (RJN Opp. at 2–3.)  Contrary to Plaintiffs' suggestion, *Khoja* did not abrogate the judicial notice doctrine.  *Compare* RJN Opp. at 2–3 (asserting that *Khoja* "caution[ed] against . . . [s]ubmitting documents not mentioned in the complaint"), *with Khoja*, 899 F.3d at 998 ("[J]udicial notice [has a] role[] to play at the pleading stage.").  And Plaintiffs' specific arguments as to each of the exhibits are unavailing.

**Exhibit D.**  Plaintiffs' argument that Defendants use **Exhibit D** "to assert that Lipocine had made the 'decision' in November 2018 to seek resubmission of the NDA" is simply wrong.  (RJN Opp. at 3.)  Defendants cite **Exhibit D** to show that in November 2018, Lipocine ***announced*** that it intended to address the Cmax deficiency identified in the 2018 CRL by "performing additional analyses of existing data."  (Motion to Dismiss at 22–23; *see also* ECF No. 48-5 at 67.)  The fact that this was announced in November 2018 is properly subject to judicial notice because it can be "accurately and readily determined" from a SEC filing, which is a "source[] whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b); *In re Zagg Sec. Litig.*, No. 2:12-CV-852, 2014 WL 505152, at *1 (D. Utah Feb. 7, 2014), *aff'd sub nom. In re Zagg, Inc. Sec. Litig.*, 797 F.3d 1194 (10th Cir. 2015).

**Exhibit H.**  Defendants cite **Exhibit H** to show that Dr. Patel acquired Lipocine stock during the Class Period.  (Motion to Dismiss at 23.)  This fact is properly subject to judicial notice because it is also drawn from an SEC filing.  *Kapur v. USANA Health Scis., Inc.*, No. 2:07-CV-00177DAK, 2008 WL 2901705, at *5 n.1 (D. Utah July 23, 2008) ("The court can properly consider SEC filings when adjudicating a motion to dismiss.").  Although Plaintiffs dispute whether the acquisition was through a purchase or an award, they do not contend that Dr. Patel did anything other than acquire Lipocine stock at market prices during the Class Period.  (RJN Opp. at 3.)  Thus, **Exhibit H** does not dispute any well-pled fact in the Complaint.

---

[3] Defendants did not seek incorporation by reference of **Exhibits D, H,** and **M–R**.  (*See* ECF No. 49 at 4–10.)

**Exhibits M–R.**  Plaintiffs assert that the Court should not consider **Exhibits M–R** (analyst reports) because they are not referenced in the Complaint and are improperly used to create inappropriate factual disputes.  (RJN Opp. at 4.)  As noted above, judicial notice does not require a document to be referenced by the complaint.  *See* FED. R. EVID. 201(B).  Moreover, in securities fraud cases, courts routinely take judicial notice of analyst reports to indicate what was in the public realm and when.  *See, e.g.*, *In re SemGroup Energy Partners, L.P., Sec. Litig.*, No. 08-MD-1989-GKF-FJM, 2009 WL 3713524, at *1–2 (N.D. Okla. Nov. 4, 2009) ("Courts have taken judicial notice of analyst reports in motions to dismiss securities claims when the reports are submitted to establish whether and when certain information was provided to the market."); *Chipman v. AspenBio Pharma, Inc.*, No. 11-CV-00163-REB-KMT, 2012 WL 4069353, at *2 (D. Colo. Sept. 17, 2012) (same).  As detailed in the chart below, that is precisely the purpose for which Defendants seek judicial notice here:

| Exhibit | Description | Purpose for Citing the Document |
|---|---|---|
| M | *Ladenburg Thalmann* report titled, "TLANDO ADCOM Recommends Against Approval; Reduce Price Target to $11," and published on January 11, 2018 | To show what analysts were reporting with respect to the BRUDAC Meeting discussion regarding TLANDO's Cmax values. |
| N | *H.C. Wainwright & Co.* report titled, "Expected Tlando CRL; Negative Reaction Overdone? Reiterate Buy and $3 Target," and published on May 10, 2018 | To show what analysts were reporting with respect to the ease by which Lipocine would be able to address the Cmax deficiency identified in the 2018 CRL. |
| O | *Ladenburg Thalmann* report titled, Positive Interim POC LPCN 1144 NASH Data; TLANDO IP Win; Buy and $5 PT," and published on January 17, 2019 | To show what analysts were reporting with respect to the ease by which Lipocine would be able to address the Cmax deficiency identified in the 2018 CRL. |
| P | *Zacks Small-Cap Research* report titled, "ABPM Results Expected Before Quarter End," and published on March 7, 2019 | To show what analysts were reporting with respect to the likelihood of FDA approval of TLANDO. |

| Exhibit | Description | Purpose for Citing the Document |
|---------|-------------|-------------------------------|
| Q | *H.C. Wainwright & Co.* report titled, "One Step Closer to Tlando Approval; November 9 PDUFA; 1Q19 Results," and published on May 15, 2019 | To show what analysts were reporting with respect to the likelihood of FDA approval of TLANDO. |
| R | *H.C. Wainwright & Co.* report titled, "After Another CRL, Assume Tlando Is Toast; Shifting Gears Entirely to NASH Story with Mid-2020 Phase 2 Data; Lower to $2," and published on November 11, 2019 | To show what analysts were reporting with respect to the FDA's decision to issue the 2019 CRL based on TLANDO's failure to meet the Cmax secondary endpoints. |

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits A–C, E–G,** and **I–L** under the incorporation by reference doctrine, and that the Court take judicial notice of **Exhibits A–R**.

Dated:  October 22, 2020

COOLEY LLP
Koji F. Fukumura
Ryan E. Blair
Heather M. Speers
Linh K. Nguyen

By:  */s/ Ryan E. Blair*
　　　　　　　Ryan E. Blair

DORSEY & WHITNEY LLP
Milo Steven Marsden

*Attorneys for Defendants*