IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SOLOMON ABADY, et al.,<br><br>                Plaintiffs,<br><br>    vs.<br><br>LIPOCINE INC., et al.,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Case No. 2:19-cv-00906<br><br>Judge Clark Waddoups |

Before the court is Defendants' request that the court take judicial notice of certain documents submitted in support of Defendants' motion to dismiss Plaintiffs' amended complaint and/or recognize that certain documents have been incorporated by reference in Plaintiffs' amended complaint. (ECF No. 49.) For the reasons stated herein, the court grants in part and denies in part Defendants' request.

Defendants seek dismissal of Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When dismissal is sought pursuant to Rule 12(b)(6), the court is required to accept all well-pleaded factual allegations in a complaint as true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties may present at trial, but to assess whether *the plaintiff's complaint alone* is legally sufficient to state a claim for which relief may be granted." *Swoboda v. Dubach*, 992 F.3d 286, 290 (10th Cir. 1993). Thus, it is ordinarily improper for the court to

consider facts or evidence that do not appear in a plaintiff's complaint. *See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013).

The Tenth Circuit has recognized at least three exceptions to this general rule—for certain purposes, the court may consider (1) "documents incorporated by reference in the complaint;" (2) "documents referred to in and central to the complaint, when no party disputes its [sic] authenticity;" and (3) "'matters of which a court may take judicial notice.'" *Id.* (citing *Tellabs*, 551 U.S. at 322).

On July 24, 2020, Defendants filed a motion seeking dismissal of Plaintiffs' amended complaint, which asserts putative class action claims for alleged violations of federal securities laws. (ECF No. 47.) In support of their motion, Defendants also filed a declaration of counsel that attached 18 documents, labeled exhibits A-R, for consideration by the court, including material submitted to and by the Federal Drug Administration ("FDA") in connection with Defendant Lipocine's efforts to obtain approval of a testosterone replacement therapy developed by Lipocine called TLANDO, certain filings made by Lipocine with the SEC that relate to Lipocine's efforts to obtain approval of TLANDO, and several analyst reports regarding Lipocine's efforts to obtain approval for TLANDO. (*See* Decl. of Ryan Blair, ECF No. 48.) Defendants contend that the court may consider each of these documents under the exceptions set forth above.

## I.     Documents Referenced in Amended Complaint

Defendants first ask the court to consider Exhibits A-C, E-G, and I-L on the grounds that they are referenced in the complaint, they are central to the Plaintiffs' claims, and their authenticity

is not in dispute.[1] Exhibits A-C are briefing material submitted to an FDA advisory committee that considered whether TLANDO should be approved and a transcript of a meeting of that advisory committee where the safety and efficacy of TLANDO was discussed; Exhibits E-G and I-K are submission made by Lipocine to the SEC that concern TLANDO; and Exhibit L is an analyst report discussing the FDA's 2019 decision not to approve TLANDO. Each of these exhibits are referred to in the complaint, and many of them provide the basis for Plaintiffs' security fraud claims.

Plaintiffs do not oppose consideration of Exhibits A-C, E-G, and I-L in the context of Defendants' motion to dismiss but argue that such exhibits cannot be relied on to resolve factual disputes in Defendants' favor, citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 998 (9th Cir. 2018). (*See* Pls.' Opp. at 1-2, ECF No. 51.) Defendants argue that, under *Khoja*, documents referenced in a complaint can be relied on to rebut a plaintiff's conclusory allegations. (*See* Defs.' Reply at 2-3, ECF No. 53.)

While the Ninth Circuit, in *Khoja*, may have left open the question of whether the truth of referenced documents may be considered to rebut a complaint's conclusory allegations, the Tenth Circuit has not. In *Employees' Retirement Systems of Rhode Island v. Williams Companies, Inc.*, 889 F.3d 1153, 1158 (10th Cir. 2018), the Tenth Circuit held that while a court may "look to the

---

[1] Defendants assert that such documents are incorporated into the complaint by reference, but the Tenth Circuit appears to distinguish between documents that are incorporated by reference and those that are merely referenced in, but central to, a plaintiff's claims. *See Berneike*, 708 F.3d at 1146. The Amended Complaint does not expressly incorporate any of the documents at issue by reference, and the case law relied on by Defendants appears to apply to that category of documents that are referenced in, but not necessarily incorporated into, a complaint. Accordingly, the court will consider whether the identified exhibits properly fit within the second exception to the general rule that matters outside the complaint should not be considered.

contents of a referenced document itself rather than solely to what the complaint alleged the contents to be," "such documents may properly be considered only for what they contain, not to prove the truth of their contents." *See also LS3 Inc. v. Cherokee Nation Strategic Programs, L.L.C.*, Case No. 21-1385, 2022 WL 3440692 at *4 (10th Cir. Aug. 17, 2022) (unpublished) (reversing dismissal where district court improperly inferred facts from a referenced documents).

Thus, the court will consider the content of Exhibits A-C, E-G, and I-L, including to the extent the content differs from what is alleged in Plaintiffs' amended complaint, but will not consider the exhibits for the truth of their contents.

## II. Judicial Notice

Defendants also ask the court to take judicial notice of each of the exhibits attached to the Blair Declaration. The court may take judicial notice of a fact or a document. *Diné Citizens Against Ruining Our Env't v. Haaland*, 59 F.4th 1016, 1028 n.5 (10th Cir. 2023). Judicial notice is appropriate when a fact is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is only proper when "a fact is beyond debate[.]" *Estate of Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016). And when judicial notice is taken of a document such as a news article or report, it is done so only "for proof that something is publically known, not for the truth of the [document's] other assertions." *Id. See also Hampton v. Root9b Tech., Inc.*, Civ. Action No. 15-cv-02152-MSK-MEH, 2016 WL 7868823 at *4 (D. Colo. Aug. 5, 2016) (unpublished) ("When a court takes judicial notice of publications like websites and newspaper articles, the court merely

notices what was in the public realm at the time, not whether the contents of those articles were in fact true.") (citations omitted).

Plaintiffs do not object to the court taking judicial notice of documents that are referenced in the amended complaint—Exhibits A-C, E-G, and I-L. Plaintiffs do object, however, to the court taking judicial notice of those exhibits to the Blair Declaration that are not referenced in the amended complaint.

Plaintiffs first object to the court taking judicial notice of Exhibit D to the Blair Declaration, which is a Form 10-Q for the quarter ending September 30, 2018 that Lipocine filed with the SEC. Plaintiffs do not contest the authenticity of Exhibit D, or that it was publicly filed with the SEC. Instead, they contend that Lipocine has improperly used Exhibit D for the truth of the matters the filing asserts. More specifically, Plaintiffs claim that Defendants improperly rely on Exhibit D to show that Lipocine had made the decision by November 2018 to resubmit a New Drug Application ("NDA") for TLANDO to the FDA. Defendants contest Plaintiffs' characterization of the purpose for which Exhibit D has been submitted, arguing that they rely on the document only to show that Lipocine publicly *announced* in November 2018 that it would resubmit an NDA for TLANDO. Because there is no dispute that Exhibit D was publicly filed with the SEC in November 2018, the court will take judicial notice of the document to the extent Defendants rely on it to show what was publicly announced regarding the resubmission of an NDA for TLANDO.

Plaintiffs next object to the court taking judicial notice of Exhibit H, which is an SEC Form 4 filed by Dr. Patel documenting his acquisition of shares of Lipocine stock in May 2019. Plaintiffs argue that Defendants improperly use Exhibit H to show that Dr. Patel *purchased* Lipocine stock in May 2019, when Exhibit H actually shows that Dr. Patel received the stock from Lipocine as an

award. Defendants argue that, although Plaintiffs dispute whether Exhibit H shows that Dr. Patel purchased Lipocine stock in May 2019 or received it as an award, the court may properly take judicial notice that Dr. Patel *acquired* Lipocine stock during the class period.

In their motion to dismiss, Defendants rely on Exhibit H to show that Dr. Patel *purchased* Lipocine stock in May 2019, arguing that the purported purchase negates any inference that Dr. Patel had the requisite scienter to fraudulently inflate the price of Lipocine stock during the class period. (*See* Mot. to Dismiss at 23-24, ECF No. 47.) While a purchase of stock may be relevant to analyzing whether a defendant has the requisite scienter in a securities fraud case, Defendants cite no authority and do not argue in their motion that an acquisition of stock through other means, such as an award or grant, has any relevance to determining whether a defendant has the requisite scienter to commit securities fraud.

The court may decline to take judicial notice of documents that are irrelevant to any claim for relief. *See Zabriskie v. Lewis*, 507 F.2d 546, 553 (10th Cir. 1974) ("It is not error for a court to refuse to admit or take judicial notice of irrelevant evidence.") *See also Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010) ("[A] court may properly decline to take judicial notice of documents that are irrelevant to the resolution of a case.") (citations omitted).

The court has carefully examined Exhibit H and has determined that it does not definitively show whether Dr. Patel acquired Lipocine stock in May 2019 pursuant to a purchase or through some other means, such as an award or grant. While it is uncontested that Exhibit H shows that Dr. Patel acquired Lipocine stock during the putative class period, Dr. Patel's mere acquisition of Lipocine stock is not relevant to resolving any issues raised by Defendants' motion to dismiss. Accordingly, the court will not take judicial notice of Exhibit H.

6

Finally, Plaintiffs object to the court taking judicial notice of Exhibits M-R of the Blair Declaration, which are a collection of analyst reports discussing TLANDO and the prospects for its approval by the FDA. Plaintiffs argue that it would be improper to take judicial notice of such reports because Defendants improperly use them "to create a factual dispute that is inappropriate at the motion to dismiss stage." (Pls.' Opp. To Req. for Judicial Notice at 4, ECF No. 51.)

Defendants argue, in their initial request for judicial notice, that they have submitted Exhibits M-R only to show what information was in the public domain and not for the truth of the matters discussed within the reports. (*See* Req. for Judicial Notice at 8-9, ECF No. 49.) The court has examined Defendants' motion to dismiss, however, and has determined that Defendants reliance on Exhibits M-R goes beyond what that court can take judicial notice of.

For example, Defendants cite Exhibits N and O, analyst reports issued on May 10, 2018 and January 17, 2019 respectively, to show that "[a]nalysts . . . believed the secondary endpoints would be easy to resolve given TLANDO's 'compelling argument' regarding the transient nature of the Cmax excursions." (Mot. to Dismiss at 7, ECF No. 47.) Using analyst reports to show what analysts "believed" at a given point in time goes beyond the scope of judicial notice, which is limited to recognizing what information is in the public domain. Defendants' reliance on Exhibit N and O is not to show what information was available in the public domain. Instead, Defendants' rely on the analyst reports to bolster their argument that it was reasonable for Lipocine to believe that it could obtain FDA approval of TLANDO, despite the fact that it failed to meet secondary endpoint requirements in clinical trials. It is not appropriate for the court to consider such evidence under the judicial notice doctrine in the context of a motion to dismiss.

To the extent Defendants have submitted the analyst reports in Exhibit M-R to show what information was in the public domain at the time the reports were published, the court will take judicial notice. The court will not take judicial notice of the reports, however, to the extent Defendants rely on them to bolster the reasonableness of their own alleged beliefs regarding the prospects of TLANDO's approval.

## Conclusion

In summary, the court grants Defendants' request in part and will consider the contents of documents referenced in the amended complaint—Exhibits A-C, E-G, and I-L—including to the extent they conflict with allegations made in the amended complaint, but will not consider the truth of the matters discussed in those exhibits. The court will also take judicial notice of Exhibit D and Exhibits M-R to the extent they have been submitted to show what information was available in the public domain at the time those documents were publicly available but will not consider the truth of the matters stated in those documents. The court declines to take judicial notice of Exhibit H as it does not present any information that is relevant to the resolution of Defendants' motion to dismiss.

DATED this 13th day of April, 2023.

BY THE COURT:

The Honorable Clark Waddoups
United States District Court Judge

8